**UNITED STATES of America, Plaintiff,**

v.

**Mrs. Ersel J. WILLIAMS, d/b/a Arlington Recreation Center, Defendant.**

**No. 72–564 Civ–J–T.**

United States District Court, M. D. Florida, Jacksonville Division.

June 10, 1974.

---

John L. Briggs, U. S. Atty., Jacksonville, Fla., and James R. Kieckhefer, Dept. of Justice, Washington, D.C., for plaintiff.

Lacy Mahon, Jr., Jacksonville, Fla., for defendant.

## MEMORANDUM OPINION

TJOFLAT, District Judge.

This action is brought by the United States of America pursuant to Title 42, United States Code, Sections 2000a et seq. alleging that defendant has followed and continues to follow a policy and practice of discriminating against Negroes by refusing to allow Negroes admission, use, and enjoyment of the Arlington Recreation Center. The United States seeks injunctive relief against the alleged racial discrimination in the operation of the establishment in question.

Defendant asserts that the Arlington Recreation Center is not a "place of entertainment" within the meaning of Title II of the Civil Rights Act, 42 U.S.C. § 2000a et seq., and that the United States has failed to prove that defendant has since 1964 "practiced" a policy of excluding Negroes from her establishment and from the use and enjoyment of the facilities and services of the Arlington Recreation Center.

This Court orally denied plaintiff's motion for summary judgment on December 27, 1973, and ordered the submission of evidence on certain issues. On January 28, 1974, a trial on the merits was held where certain testimony was submitted in deposition form. In accordance with the agreement of counsel this case was taken under advisement for ruling upon the record established by the pleadings, answers to interrogatories, admissions filed with the Court and the deposition of Edgar Vanneman, Jr. The Court makes the following findings of fact and reaches the following conclusions of law:

## FINDINGS OF FACT

1.) Mrs. Ersel J. Williams, defendant in this action, is the owner and operator of a business establishment known as the Arlington Recreation Center located at 5758 Commerce Street in Jacksonville, Florida.

2.) The Arlington Recreation Center is open to the general public.

3.) Since the Arlington Recreation Center opened in 1958, it is and has been the policy and practice of defendant Williams in the operation of her establishment not to allow Negroes admission to the establishment or the use and enjoyment of the facilities and services of the Arlington Recreation Center.

4.) Negroes who have attempted to use the facilities of the Arlington Recreation Center have been refused such use by defendant. Consequently, Negroes have never used the facilities of the Arlington Recreation Center.

5.) There are seating accommodations at the Arlington Recreation Center where up to 23 persons watch other persons participate in the playing of pool and wait on an empty table.

6.) The defendant's customers at the establishment use two snooker tables, six regulation pool tables, and pool cues all of which were manufactured outside the State of Florida.

## CONCLUSIONS OF LAW

■■ 1.) The Arlington Recreation Center is a "place of entertainment" within the meaning of 42 U.S.C. § 2000a(b)(3). Defendant argues that no case cited by plaintiff establishes that a pool room is a place of entertainment within the meaning of the act. This Court is mindful of the mandate of the United States Court of Appeals for the Fifth Circuit that 42 U.S.C. § 2000a(b)(c) must be read "with open minds attuned to the clear and strong purpose of the Act, namely, to secure for all citizens the full enjoyment of facilities described in the Act which are open to the general public. That Title II of the Civil Rights Act is to be liberally construed and broadly read we find to be well established." Miller v. Amusement Enterprises, Inc. (5 Cir. 1968), 394 F.2d 342, 349. The definitional phrase "place of entertainment" includes both establishments where people watch other people enjoying themselves and establishments at which people utilize fa-

cilities that are provided for the amusement or enjoyment of the customers. Daniel v. Paul, 395 U.S. 298, 89 S.Ct. 1697, 23 L.Ed.2d 318 (1969); Miller v. Amusement Enterprises, Inc., *supra.*

Defendant attempts to distinguish United States v. DeRosier, 473 F.2d 749 (5th Cir. 1973), a case where a bar was held to be a place of entertainment because of the presence of an out-of-state manufactured juke box, shuffle board and pool table, because the instant establishment does not have a bar. Such an argument clearly misses the entire thrust of the *DeRosier* decision, and this Court finds *DeRosier* to be controlling authority on this issue.

■ 2.) The sources of entertainment customarily presented at the Arlington Recreation Center have moved in commerce within the meaning of 42 U.S.C. § 2000a(c)(3). The record shows that the items set forth in finding of fact #6 were all manufactured outside of the State of Florida, so the requisite interstate commerce connection has been made. *See e. g. DeRosier, supra.*

■ 3.) The defendant has maintained a policy and practice of racial discrimination in violation of the prohibition of 42 U.S.C. § 2000a against such discrimination in places of public accommodation. Defendant argues that although it has been admitted that a policy of discrimination has existed, the record does not show that defendant has actually *practiced* racial discrimination at her establishment since 1964. Defendant would have plaintiff actually produce someone who has been refused admittance on the basis of race. However, in light of defendant's answer to Request for Admission No. 12,

> "That when Negroes have attempted to use the facilities of the Arlington Recreation Center, the defendant has refused to allow them such use."

Answer: "True"

it is the opinion of this Court that further proof of a practice of discrimination is unnecessary.

## ORDER

For the reasons set forth in this Court's Memorandum Opinion issued this date, it is hereby

Ordered:

1.) Defendant is hereby enjoined from any future discrimination on the basis of race in the admittance to and use and enjoyment of the facilities of the establishment known as Arlington Recreation Center, 5758 Commerce Street, Jacksonville, Florida.

2.) Defendant shall post a sign in one-inch block letters, at or near the entrance to the Arlington Recreation Center, so that the sign is clearly visible to persons as they approach or pass the establishment, said sign to read:

ALL PERSONS ARE WELCOME REGARDLESS OF RACE OR COLOR.